[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15711
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-02724-CV-BBM-1

JEANETTE C. NICHOLSON, PHD.,
an individual,
CAREER ASSESSMENT ATLANTA, INC.,
a Georgia Corporation,

                                        Plaintiffs-Appellants,

                    versus

JAMES C. SHAFE,
an individual,
CAREER TRAINING CONCEPTS, INC.,
a Georgia Corporation,
SALES AND MANAGEMENT TRAINING
INSTITUTE OF ATLANTA,
a previous Georgia Corporation,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 4, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Plaintiff Jeanette C. Nicholson, Ph.D. works in the field of career assessment and counseling. At the request of Defendants James C. Shafe, Career Training Concepts, Inc., and Sales and Management Training Institute of Atlanta, she created a career assessment tool and support materials for Defendants' career assessment program entitled "Future Focus." Nicholson later filed a copyright registration for portions of the Future Focus materials she had created.

In November 2003, Nicholson and Plaintiff Career Assessment Atlanta, Inc. ("Career Assessment"), an entity through which Nicholson offers her professional services, filed suit against Defendants in the United States District Court for the Northern District of Georgia asserting a claim for copyright infringement and several state law claims ("First Federal Action"). Defendants moved for summary judgment. The court concluded that the portions of Future Focus at issue constituted a joint work co-authored by Defendants. It held that Defendants have a copyright interest in the work at issue and that Nicholson and Career Assessment could not bring a copyright infringement action against them. Accordingly, the court granted Defendants summary judgment and declined to retain jurisdiction over Nicholson's and Career Assessment's state law claims.

2

In September 2005, Nicholson and Career Assessment filed suit against the same Defendants in the Superior Court of Gwinnett County, Georgia seeking an accounting of profits arising from Defendants' use of the subject work and asserting claims for unjust enrichment, breach of fiduciary duty, common law fraud and deceit, constructive fraud, and conversion. The state court held that the request for a copyright accounting of profits was preempted by federal copyright law. But the case proceeded to a jury trial on the state law causes of action. A jury returned a verdict in favor of Defendants, and the court entered judgment for Defendants. The Georgia Court of Appeals ultimately affirmed that judgment.

In November 2007, on the same day Plaintiffs appealed the state court judgment to the Georgia Court of Appeals, they filed a second action in the United States District Court for the Northern District of Georgia requesting a judgment declaring that Plaintiffs and Defendants are 50% co-owners of the subject work, an accounting of Defendants' profits in the subject work, costs, and attorneys' fees ("Second Federal Action"). The court dismissed the case *sua sponte* for want of subject matter jurisdiction under the *Rooker-Feldman* doctrine, and imposed sanctions. Plaintiffs appealed. After concluding that the *Rooker-Feldman* doctrine did not divest the district court of jurisdiction in the Second Federal Action, a panel

of this court reversed the dismissal and sanctions orders and remanded the case for further proceedings. *Nicholson v. Shafe*, 558 F.3d 1266, 1279-80 (11th Cir. 2009).

Defendants then moved to dismiss the Second Federal Action on statute of limitations, res judicata, and collateral estoppel grounds. And, Defendants again moved for sanctions. The court granted the motion to dismiss and denied the motion for sanctions. Nicholson and Career Assessment appeal the dismissal of the Second Federal Action, and Defendants move for sanctions for the filing of a frivolous appeal.

The district court held that dismissal of the Second Federal Action was warranted for three reasons: (1) the claims are time barred by the Copyright Act's statute of limitations, 17 U.S.C. § 507(b); (2) the claims are barred by the doctrine of res judicata; and (3) the claims are barred by the doctrine of collateral estoppel. We must affirm if dismissal was warranted on any one of these three grounds. We address only whether res judicata attaches to the First Federal Action so as to bar the claims asserted in this Second Federal Action. We conclude that it does.

"Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted). A claim is barred by res judicata if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent

jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* Without question, the first three elements are satisfied: (1) Defendants were granted summary judgment in the First Federal Action; (2) the district court had jurisdiction to enter that judgment; and (3) the parties to the First Federal Action and the Second Federal Action are the same. At issue is the fourth element: whether the same cause of action is involved in both the First Federal Action and the Second Federal Action. We have explained that "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* at 1239 (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990). After review of both cases, we agree with the district court's analysis concluding that claims asserted in the First Federal Action shared the same nucleus of operative facts as claims asserted in this Second Federal Action and that nothing precluded Nicholson and Career Assessment from seeking a declaration of joint ownership of the subject work and an accounting of profits in the First Federal Action. (R.3-69 at 13-17.) Because the Second Federal Action asserts claims that could have been raised in the First Federal Action, res judicata applies, and the claims were appropriately dismissed.

We decline to sanction Plaintiffs for the filing of this appeal. In this court's opinion reversing the prior dismissal for want of jurisdiction and vacating the award of sanctions, we noted that it was "at least arguable" that neither res judicata nor collateral estoppel would bar the Second Federal Action. *Nicholson*, 558 F.3d at 1280. Given that we previously suggested that at least two of the arguments Plaintiffs have raised in this appeal are not frivolous, we conclude that sanctions are not warranted.

DISMISSAL AFFIRMED; MOTION FOR SANCTIONS DENIED.